# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MARY STARR**                                                                                    **PLAINTIFF**

V.                              No. 2:24-cv-00103-BRW-ERE

**MARTIN O'MALLEY,**
**Commissioner of Social Security Administration**                **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections must be specific, include the factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this RD without independently reviewing the record.

## I.    Introduction

On March 2, 2020, Ms. Mary Starr applied for social security benefits due to chronic COPD, bilateral carpal tunnel, arthritis, and ulcers. *Tr. 132, 427*. Ms. Starr alleged disability beginning on February 29, 2020. *Id*.

After conducting a hearing, an administrative law judge ("ALJ") found that Ms. Starr was not disabled. *Tr. 49-64, 132-148*. On January 27, 2023, the Appeals Council remanded the claim with instructions for an ALJ to further consider Ms.

Starr's maximum residual functional capacity ("RFC") and to obtain supplemental evidence from a vocational expert ("VE").[1] *Tr. 157.*

After a second hearing, the ALJ found that Ms. Starr was not disabled before February 19, 2023, but became disabled on that date based on her age. *Tr. 13-24, 35-48*. On April 5, 2024, the Appeals Council denied Ms. Starr's request for review, making the ALJ's denial of benefits the Commissioner's final decision. *Tr. 1-7*. Ms. Starr has requested judicial review.

For the reasons stated below, I recommend affirming the Commissioner.

## II. The ALJ's Decision[2]

Ms. Starr was fifty-two years old on the alleged onset date of February 29, 2020, meaning she was in the "closely approaching advanced age category."[3] *Tr.*

---

[1] A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). VEs provide occupational industry evidence to determine if jobs are available in the national economy that a claimant can perform.

[2] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[3] When the Social Security Administration decides whether a claimant is disabled under 20 C.F.R. § 404.1520(g)(1), considers the claimant's chronological age in combination with her residual functional capacity, education, and work experience.

65. She turned 55 on February 19, 2023, which moved her into the "advanced age category." The ALJ considered this age change in his decision, as explained below.

The ALJ determined that Ms. Starr had not engaged in substantial gainful activity since February 29, 2020, the alleged onset date. *Tr. 16*. At step two, the ALJ determined that as of that date, Ms. Starr had the following severe impairments: degenerative joint disease of the hands, chronic obstructive pulmonary disorder ("COPD"), and neuropathy. *Id*. However, the ALJ concluded Ms. Starr did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 17*.

Next, the ALJ determined that Ms. Starr had the RFC to perform light work, with the following limitations: (1) only occasional balancing, stooping, crouching, kneeling, crawling, and fingering; and (2) no concentrated exposure to extreme heat or cold, dust fumes, gasses, poor ventilation. *Tr. 18*.

At step four, the ALJ found that, since February 29, 2020, Ms. Starr has been unable to perform any past relevant work.[4] *Tr. 22-24*. At step five, the ALJ, relying on the VE's testimony and considering Ms. Starr's age, education, work experience, and RFC, found that, before February 19, 2023, jobs existed in significant numbers in the national economy that she could perform, such as sales attendant, counter

---

[4] Ms. Starr has past relevant work as a housecleaner, small parts assembler, and babysitter. *Tr. 61*.

3

attendant, and storage facility rental clerk. *Id*. After Ms. Starr turned fifty-five on February 19, 2023, her age category changed to advanced age. Based on a mechanical application of the Medical Vocational Guidelines, the ALJ found that, as of February 19, 2023, there were no jobs that Ms. Starr could perform, and she was disabled as of that date.[5]  *Id*.

## III.   DISCUSSION

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

---

[5] The Guidelines are "fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment." *Gray v. Apfel*, 192 F.3d 799, 802 (8th Cir. 1999). The Guidelines direct a finding of "disabled" or "not disabled" when a claimant can perform all or substantially all of the exertional demands at a given level of exertion, with no non-exertional impairments. *Id*.; 20 C.F.R. § 404, Subpart P, Appx. 2.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B.     Ms. Starr's Arguments for Reversal

Ms. Starr contends that the evidence supporting the ALJ's decision is less than substantial. Ms. Starr argues that the ALJ erred by improperly evaluating the medical source opinions and her subjective complaints. *Doc. 10*.

Ms. Starr suffered from some pain due to her impairments, but her treatment was conservative and clinical examinations were grossly normal. Generally, objective imaging showed no more than mild conditions. No doctor placed any functional work restrictions on Ms. Starr. Overall, she did not show that her impairments were disabling.

### 1.  Dr. Kumar's Medical Opinions

Ms. Starr alleges that the ALJ improperly evaluated Dr. Kumar's medical opinions. Dr. Kumar was Ms. Starr's primary care physician, and the record includes his treatment records from 2020 and 2021. Dr. Kumar performed a consultative examination of Ms. Starr, and he issued a Disability Impairment Questionnaire on April 24, 2023. *Tr. 1012-1016.* He diagnosed COPD, hypertension, osteoarthritis, and depression. *Tr. 1012*. He wrote that Ms. Starr had pain all the time from osteoarthritis, could not even perform sedentary work, and would miss more than three days of work per month. *Tr. 1012-1015*. Dr. Kumar opined that Ms. Starr could never lift or carry more than five pounds and could sit for only two hours in a workday. *Id.*

The ALJ reviewed Dr. Kumar's medical opinion but found the extreme limitations unpersuasive.[6] *Tr. 21*. Overall, Ms. Starr's treatment with Dr. Kumar was conservative, consisting of medication management and steroid injections. *Tr. 756-*

---

[6] ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. *See* 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 WL 3451519, at *4 (E.D. Ark. June 24, 2020). Both supportability and consistency should be discussed when an ALJ evaluates the persuasiveness of a medical opinion. *Bonneau v. Saul*, No. 3:20-CV-00095-PSH, 2021 WL 920981, at *5 (E.D. Ark. Mar. 10, 2021).

*770*. The ALJ noted that Dr. Kumar's opinion was not supported by his own treatment notes, which showed that when Ms. Starr did a breathing evaluation, she had clear auscultation and good air movement. *Tr. 683, 753, 761-765, 853-870, 882-898, 901-916*. Extremity and musculoskeletal exams in Dr. Kumar's office were grossly normal, with good motor function, good range of motion, and intact sensation. *Id*. Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). A nerve conduction study in 2020 showed mild median neuropathy of the left wrist, but Ms. Starr regularly had good strength and range of motion in her hands. *Tr. 114, 729, 750-761, 854-861*. A 2020 x-ray of the right knee showed severe arthritic changes and Ms. Starr had occasional knee swelling and tenderness. *Tr. 113-115*. But Ms. Starr was able to do daily activities like driving, shopping, going to church, and doing household chores. *Tr. 116, 444-447*. Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). And no doctor placed any functional restrictions on Ms. Starr.

     The ALJ found that Dr. Kumar's opinion of extreme limitations was inconsistent with Dr. Samuel Meredith a consultative examiner. *Tr. 777-779*. Dr. Meredith found, in his May 2021 examination, that Ms. Starr had mild arthritis in her thumbs and bilateral osteoarthritis of the knees. *Id*. He found that Ms. Starr walked with a slightly wide-based gait, but she could get on and off the exam table

without assistance. *Id*. Overall, his exam revealed no more than mild-to-moderate conditions; Dr. Meredith opined that Ms. Starr was in satisfactory health. *Tr. 778*.

The ALJ conducted the required analysis for opinion evidence, including reference to consistency and supportability, and he properly found that Dr. Kumar's opinion was unpersuasive.[8] *Tr. 21*.

## 2. Subjective Complaints

Ms. Starr contends that the ALJ did not properly evaluate her subjective complaints.[9] She claims that breathing problems, knee pain, and wrist pain precluded all work.

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not

---

[8] Ms. Starr's argument that the ALJ ignored relevant evidence is unavailing. He discussed the relevant medical record and medical opinions in four pages of his written opinion, and he also discussed Ms. Starr's testimony at the hearing. *Tr. 18-21*. He reviewed her admission that she could perform a variety of daily activities. Her claim that back pain should have been discussed likewise fails, because Ms. Starr's alleged back pain did not meet the durational requirement for disability, back exams were grossly normal, and, additionally, neither Dr. Kumar nor Dr. Meredith mentioned a back problem in their evaluations. *Tr. 777-779, 1012-1016*. An ALJ is not required to discuss every single piece of evidence when evaluating a claim. See *Wheeler v. Apfel*, 222 F.3d 891, 895 n.3 (8th Cir. 1998).

[9] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this consideration alone. *Id.* at 932. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision as long as it is clear that they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ discussed multiple factors as he evaluated Ms. Starr's subjective complaints. He discussed the objective findings and the generally normal clinical examinations. *Tr. 18-21*. Again, no doctor place any restrictions on Ms. Starr. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003) (A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. And Ms. Starr's conservative treatment is a consideration when weighing her credibility regarding the severity of her impairments. *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015). Additionally, Dr. Kumar repeatedly urged Ms. Starr to quit smoking.

*Tr. 686, 695, 698, 712, 751, 754, 759, 763, 767*. A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of her alleged disability. See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

The ALJ discussed the extent and nature of Ms. Starr's pain; her ability to perform daily activities, and the medical opinions. *Tr. 18-21*. Ultimately, he concluded that Ms. Starr's subjective complaints were not fully supported by the record.

Based on the evidence as a whole, the ALJ's findings were supported by the record and there is no reason to depart from the deference normally given to the ALJ's credibility determination.

## VI.  Conclusion

The ALJ applied proper legal standards in evaluating Ms. Starr's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 12th November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE